COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


MICHAEL A. ANDREWS
                                        MEMORANDUM OPINION*
v.    Record No. 0999-00-3                  PER CURIAM
                                        SEPTEMBER 19, 2000
WESTVACO CORPORATION AND
 WESTVACO CORPORATION, SEDGWICK JAMES
 OF THE CAROLINAS, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Michael A. Andrews, pro se, on brief).

              No brief for appellees.


       Michael A. Andrews (claimant) contends that the Workers'

Compensation Commission erred in finding that his August 11,

1999 application alleging a change-in-condition was barred by

the applicable statute of limitations contained in Code

§ 65.2-708.  Upon reviewing the record and opening brief, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.[1]

       On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

---

       * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

       [1] Because we summarily affirm the commission's decision, we
need not address the appellees' motion to dismiss filed on
August 31, 2000.

<u>Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On September 15, 1994, claimant sustained a work-related injury to his right foot.  Employer accepted the claim and paid claimant temporary total disability benefits from December 8, 1995 through February 26, 1996.  Commencing December 12, 1996, the commission awarded claimant permanent partial disability benefits, for a period of twelve and one-half weeks, ending on or about March 9, 1997.

Claimant obtained treatment for his foot injury from Dr. Stephen Hurwitz.  By October 3, 1997, Dr. Hurwitz recommended no further treatment for claimant and opined that claimant had reached maximum medical improvement.

On March 1, 1999, claimant returned to Dr. Hurwitz, complaining of occasional sharp shooting pain in his foot. Radiographs were normal, and there was no evidence of fracture. Dr. Hurwitz determined that no further follow-up visits were necessary beyond March 1, 1999.

On August 11, 1999, claimant filed a letter with the commission, which was treated as an application seeking temporary total disability benefits for March 1, 1999.  In that

letter and in claimant's written statement on review, he asserted that certain representatives of employer and its insurer caused him to believe that he would be paid compensation for March 1, 1999, and, therefore, he did not file a claim until August 11, 1999. Claimant presented no evidence to support his bare allegations.

Code § 65.2-708 provides that an application for a change-in-condition must be filed within twenty-four months from the date for which compensation was last paid. Here, claimant was last paid compensation for March 9, 1997. He did not file his application until August 11, 1999, more than twenty-four months after March 9, 1997. Moreover, we find no basis in the record to support claimant's allegations that he failed to file a timely claim because of employer's and its insurer's conduct.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>